IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Sid A. Strong,<br><br>    Plaintiff,<br><br>v.<br><br>Rock Hill Police Department, Officer Orr, Officer John Doe #1, Officer John Doe #2, Supervising Officer Long ,<br><br>    Defendants. | C/A No. 0:23-3966-SAL<br><br><br><br>**ORDER** |

  Plaintiff Sid A. Strong ("Plaintiff"), a pro se litigant, filed this civil action pursuant to 42 U.S.C. § 1983 against the Rock Hill Police Department, Officer Orr, Officer John Doe #1, Officer John Doe #2, and Supervising Officer Long ("Defendants"), alleging mistreatment and violations of his constitutional rights. [ECF No. 1.] This matter is before the court on a Report and Recommendation ("Report") issued by United States Magistrate Judge Paige J. Gossett pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that this case be dismissed with prejudice for failure to comply with an order of the court.

  Plaintiff initiated this action in August 2023. [ECF No. 1.] On August 21, 2023, he was advised by the court that he must notify the court in writing of any address changes and that failure to do so could result in the dismissal of his case. [ECF No. 7.] The case moved forward, but in January 2024, Defendants moved to dismiss the case after having their answer, as well as several court orders, returned as undeliverable due to the Plaintiff's failure to provide an updated and accurate address to the court. [ECF No. 37; *see also* ECF Nos. 22, 35.]

  On February 22, 2024, the court received a response in opposition to the motion to dismiss from Plaintiff, and Plaintiff also indicated he had a new address following an arrest. [ECF. Nos.

43, 44.] On February 23, 2024, the court mailed Plaintiff a change of address form. On February 28, 2024, the court dismissed Defendants' motion for failure to prosecute. [ECF. No. 48.] That same day, the Clerk of Court mailed the court's order dismissing Defendants' motion to dismiss to the address provided by Plaintiff. [ECF. No. 50.] Both the change of address form and the order dismissing Defendant's motion were returned as undeliverable in early March 2024. [ECF Nos. 51, 52.] Since then, Plaintiff has not contacted the court, nor has he provided the court with his address as directed. On March 14, 2024, the magistrate judge issued the Report recommending this action be dismissed with prejudice for failure to comply with an order of the court. [ECF No. 53.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 3. Plaintiff has not filed objections, and the time for doing so has expired.

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation*." Diamond v. Colonial Life & Acc. Ins. Co*., 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error, adopts the Report, ECF No. 53, and

2

incorporates it by reference herein. As a result, this matter **is DISMISSED with prejudice for failure to comply with and order of the court.**

    **IT IS SO ORDERED.**

June 14, 2024                        Sherri A. Lydon  
Columbia, South Carolina      United States District Judge